[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] INTERIM RULING ON PENDING MOTIONS
The defendant in this case was convicted of two counts of sexual assault in the first degree and two counts of risk of injury following a 1994 trial. His daughter was alleged to be the victim. The conduct underlying the charges was alleged to have occurred in 1992, when his daughter, M, was two-and-a-half years old. Defendant was incarcerated for a significant period of time pending appeal. His conviction was reversed by the Supreme Court, which ruled that the trial court had erred by admitting into evidence two taped interviews between the prosecutor and the victim. The matter was remanded for trial. State v. Marshall,246 Conn. 799 (1998).
Pursuant to an August 30, 2000, motion, the State has moved for a pretrial order declaring the child, M, "unavailable" so that her prior, videotaped testimony — introduced at the first trial — can be introduced at the retrial. The State argues that M should be deemed "unavailable" for two reasons: first, because of the impact testifying would have on her; and second, because she has no present recollection of the abuse. There is no precedent whatever in Connecticut for such a ruling.
On September 20, 2000, the defendant moved for an independent psychological examination of the victim.
In October and November, 2000, evidence was taken in this matter. A period of delay ensued for various reasons, including time required to obtain transcripts of the hearings and time required for counsel to brief numerous issues pursuant to the Court's Briefing Order of December 5, 2000.
Both the state and the defense have filed briefs and reply briefs discussing their respective view on the numerous issues raised by this CT Page 16369 case. The Court has reviewed these submissions. The Court notes that due to both legal and human concerns, this case raises an unusual kaleidoscope of problems and novel issues.
At its heart, the case at this juncture presents a fundamental dilemma: the rights of the defendant are posed against the understandable desire of the state, and M's mother, to protect M from further unnecessary psychological and emotional distress. The defendant's desire to independently evaluate M is understandable, but such an evaluation must be undertaken in such a way as to minimize any unduly harmful impact on M. The desire of M's mother to protect her child from negative consequences is also understandable and even commendable; but M's mother cannot be given a de facto veto over the defendant's rights in light of relevant caselaw.
In the recently decided case of State v. Bronson, 258 Conn. 42 (2001), our Supreme Court decided that the trial court had erred when it failed to permit the defendant time to hire an expert in anticipation of a hastily convened hearing pursuant to State v. Jarzbek, 204 Conn. 683
(1987). The court stated, citing authority, that "`. . . it was an issue of fundamental fairness to the defendant [that] required that [the expert] be allowed to examine [the alleged victim]'." Continued Chief Justice Sullivan, writing for the court in Bronson, and again citing authority: "`[T]he ends of justice will best be served by a system . . . [that] gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial.'" Our Supreme and Appellate Courts have repeatedly stressed the need to ensure that a defendant's confrontation rights under article first, section 8 of the Connecticut Constitution, and theSixth Amendment to the United States Constitution, be protected, even in the face of the most egregious allegations in cases of this sort. Cf. Statev. Grenier, 257 Conn. 797, 809-810, n. 14 ("It . . . is especially important in child sexual abuse cases that the trial court remain committed to ensuring that the jury is not tainted by improper expert testimony regarding the credibility of the child victim.") The thrust ofBronson is unmistakable. Acceptance of the state's argument that M be declared "unavailable" on the present record, this court has concluded, would create a substantial likelihood that any conviction obtained in the future would again be reversed. This is a result that no one could welcome and that would have serious adverse consequences for everyone involved in this case — including M.
Under the circumstances, the Court has decided that the fairest and most prudent course of action is to continue to proceed one step at a time. Full consideration of the legal issues, which the parties have briefed, must await other developments in the case. Decision on the novel CT Page 16370 legal issues raised will therefore be deferred until a later date.
Consequently, it is the Court's order that the defendant shall be authorized to retain an expert to conduct an initial document review. The defendant shall retain an expert as expeditiously as possible, and shall report to the court, in writing, by January 18, 2002 whether the expert has yet been retained and who the expert is, with a copy of such communication to the state. The expert may conduct a full review of all necessary documents, records and statements. The state is ordered to take reasonable steps to assist the defense expert in this phase of the proceedings. In the event there are any disputes as to what the defense expert can appropriately review, the parties shall first attempt to resolve such dispute by agreement; and then immediately bring any unresolved disputes to the court's attention. The defense shall inform the defense expert, pursuant to applicable law, that all information reviewed shall be held in the strictest confidence and shall not be disclosed to anyone, except the defendant, until further order of this Court.
It is the Court's order that the defense expert will not be permitted to contact or communicate with M, directly or indirectly, if ever, until further order of Court following the anticipated hearing on this matter.
The expert is ordered to complete his or her evaluation as expeditiously as possible. The defendant is ordered to inform the expert that it is the Court's desire to have the expert testify sometime prior to the end of March, 2002, concerning the expert's preliminary conclusions as to (1.) the psychological and/or emotional impact it would have on the child if required to testify; (2.) the extent to which the child can remember any of the events relating to the sexual assaults at issue; and (3.) whether, to fully evaluate the above two questions, it is necessary to interview M in person under controlled circumstances. The Court anticipates that at this hearing, the Court and the state will question the expert as to his or her preliminary conclusions on these matters. The precise date of the hearing will be established following consultation by the court with the parties. By February 28, 2002, the defendant shall inform the court in writing as to whether the document review has been completed, with a copy of such correspondence to the state.
The defendant is ordered to provide a copy of this ruling to any defense expert retained. The clerk is ordered to send a copy of this ruling to Attorney Michael Vollono, M's guardian ad litem.
Douglas S. Lavine Judge, Superior Court CT Page 16371